SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR - 6 2017

ARTHUR JOHNSTON
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DEBRA L. JORDAN**                                                     **PLAINTIFF**

**V.**                                          CIVIL ACTION NO. 3:17cv151 TSL-RHW

**GENERAL MOTORS LLC, and**
**JOHN DOES 1-20**                                                    **DEFENDANTS**

## GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the Circuit Court of Rankin County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1452, and Bankruptcy Rule 9027, and based on the following facts:

## BACKGROUND

1.      On February 3, 2017, New GM was served with a Summons and Complaint in an action styled *Debra L. Jordan v. General Motors LLC*, *and John Does 1-20,* Case No. 17-21, filed February 3, 2017 in the Circuit Court of Rankin County, Mississippi (the "Action").

2.      This Action arises out of a three-vehicle accident that occurred on or about March 21, 2009 involving a 2006 Chevrolet HHR ("Subject Vehicle").  Compl. ¶ 7. [1]  The Complaint states that Plaintiff Debra L. Jordan was driving the Subject Vehicle, "when suddenly and without warning her vehicle ignition malfunctioned." *Id.*  "As a result, the Plaintiff lost control of the vehicle she was driving, and was involved in a collision causing her to suffer excruciating, painful, and permanent injuries." *Id.*  The Complaint alleges that "the ignition

---

[1] Because the vehicle identification number listed in the Tennessee Electronic Traffic Crash Report (3GNDA23D26S537065) pertains to a 2006 Chevrolet HHR, New GM assumes the subject vehicle is actually a 2006 model year HHR.

1

switch defects which affected the Plaintiff's 200[6] Chevrolet HHR caused the collision and non-deployment of the vehicle's airbag during the collision." *Id.* ¶ 9.

3.     Plaintiff seeks damages under theories of (1) negligence, (2) fraudulent concealment, (3) products liability, (4) breach of implied warranty, and (5) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961. *Id.* ¶¶ 22-71. Plaintiff also seeks punitive damages. *Id.* ¶¶ 28, 41, and 50.

4.     On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation.* Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

5.     This Action is one of more than 310 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving allegedly defective ignition switches, including the Chevrolet HHR. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York,

Ohio, Oklahoma, Pennsylvania, and Texas. *See generally* MDL No. 2543; *e.g.* ECF Nos. 207, 288, 355, 358, 377, 484 (J.P.M.L.), attached as <u>Exhibit B</u> (*Abney, et al. v. Gen. Motors LLC*, 14-CV-5810 (S.D.N.Y.) (alleging personal injury claims related to Chevrolet HHR vehicles, among others); *Boyd, et al. v. Gen. Motors LLC*, 4:14-01205 (E.D. Mo.) (alleging personal injury claims involving a 2008 and 2011 Chevrolet HHR; *Chaplin v. Gen. Motors LLC*, 2:14-cv-03366 (D.S.C.) (alleging an ignition switch defect in a 2007 Chevrolet HHR); *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Chevrolet HHR); *Hayes v. Gen. Motors LLC*, 14-CV-10023 (S.D.N.Y.) (alleging more than 60 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Chevrolet HHR); *McCormick v. Gen. Motors LLC*, 14-CV-00483 (E.D. Tex.) (alleging an ignition switch defect in a 2007 Chevrolet HHR).

6.      As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

7.      This Action is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3), based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

8.      Complete diversity of citizenship exists because:

     a.      At the time of the filing of this suit, Plaintiff Debra L. Jordan was a resident, domiciliary, and citizen of the State of Mississippi. Compl. ¶ 4.

      b.     New GM is not a citizen of Mississippi. New GM is, and was at the time this lawsuit was filed, a Delaware limited liability company with its principal place of business in Michigan. New GM is 100 percent owned by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan.

9.     Plaintiff also named "John Does 1-20" as defendants, but their citizenship is disregarded for purposes of diversity. 28 U.S.C. § 1441 (b)(1); *see also Porter v. Merck & Co.*, No. 4:03CV12LN, 2003 WL 25506472, at *1 (S.D. Miss. June 17, 2003) ("and although plaintiffs, themselves Mississippi residents, named John Doe defendants whom they represented were also Mississippi residents, the law is clear that 'the citizenship of defendants sued under fictitious names shall be disregarded' in determining whether there is complete diversity for removal purposes. 28 U.S.C. § 1441(a).").

10.    Thus, as no proper defendant is a citizen of the same state as Plaintiff, there is complete diversity between the parties.

11.    In the context of removal, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Haley v. Ford Motor Co.*, 398 F. Supp. 2d 522, *525 (S.D. Miss. October 18, 2005) (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)). "The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000. In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages

sought." *Harris v. Benham Group*, No. 1:02CV238DD, 2002 WL 31050999, *2 (N.D. Miss. August 26, 2002) (citing *Allen v. R& H Oil & Gas Co.*, 63 F.3d 1336 (5th Cir. 1995)).

12.     Although Plaintiffs seek an unspecified amount of damages, it is evident from the face of the Complaint that the amount in controversy in this Action exceeds $75,000, exclusive of interest and costs. *See Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 298 (5th Cir. 1999) (holding it was facially apparent from the plaintiff's petition that the amount in controversy exceeded statutory requirements based on the tort nature of the plaintiff's claim and the types of damages sought); *Holmes v. Citifinancial Mortg. Co.*, 436 F.Supp.2d 829, 832 (N.D. Miss. 2006) ("... Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000."); *see also Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount [for diversity purposes] when there are *no* numbers in the [complaint] at all") (emphasis in original).

13.     Here, the Complaint states that Plaintiff "incurred pain, suffering, emotional distress, and other economic damages in the past, is presently incurring pain, suffering, emotional distress, and other economic damages and will incur pain, suffering, emotional distress, and other economic damages in the future." Compl. ¶ 27.  She also claims to have been "required to undergo medical treatment and has incurred medical expenses in the past, is presently incurring medical expenses, and will incur medical expenses in the future." *Id.* ¶ 26. She further alleges that the Defendant's negligence "was a proximate and/or contributing cause of her [*sic*] painful, excruciating, debilitating, and permanent injuries." *Id.* ¶ 25.

14.     Plaintiff also seeks punitive damages. *Id.* ¶¶ 28, 41, and 50.  "[W]hen a claim includes compensatory and punitive damages, both must be considered in determining the

amount in controversy." *Watson v. Shell Oil Co.*, 979 F.2d 1014, 1021 (5th Cir. 1992) *on reh'g*, 53 F.3d 663 (5th Cir. 1994); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943) (both compensatory and punitive damages "must be considered to the extent claimed in determining jurisdictional amount").

15.     The Complaint includes an express request for an amount of not less than $100,000. *Id.* Prayer. ("WHEREFORE PREMISES CONSIDERED, the Plaintiff requests that this Court enter judgment against the Defendant in an amount of not less than $100,000, plus pre-judgment interest, attorney's fees, and all other relief to which Plaintiff is entitled, both general and special."). Thus, as Plaintiff expressly seeks damages in excess of $100,000, the amount in controversy is met.

16.     Given the nature of the injuries, the demand for general and special damages, including punitive damages, and the explicit request for damages exceeding $100,000, it is apparent from the face of the Complaint that the amount in controversy requirement for removal is satisfied. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it was facially apparent from plaintiff's allegations that the jurisdictional requirement was met based on unspecified damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Easterling v Glaxo Welcome, Inc.,* Civil Action No. 3:03CV568LS, 2006 WL 1272680, *3 (S.D. Miss. 2006) (denying motion to remand and finding it was facially apparent from the complaint that the amount in controversy requirement was met where plaintiff claimed unspecified compensatory damages, including severe and painful injuries, and punitive damages related to the ingestion of a prescription drug).

17.    Therefore, this action is one that may be removed to this Court by New GM pursuant to 28 U.S.C. § 1441 as all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are satisfied.

## BASIS FOR REMOVAL: BANKRUPTCY JURISDICTION

18.    This Action is properly removable because it is a civil proceeding that (i) arises under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); (ii) arises in a case under the Bankruptcy Code; and/or (iii) is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

19.    On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court"). On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the predecessor of New GM. The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions. *See* Sale Order and Injunction, attached as Exhibit C ¶ 7. The 363 Sale was consummated on July 10, 2009. Ultimately, New GM was transferred certain Old GM's assets and also assumed certain limited liabilities, as described in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

20.    Under the terms of the Sale Order and Injunction, and the Sale Agreement that it approved, all liabilities relating to vehicles and parts sold by Old GM (subject to limited exceptions not applicable here) were legacy liabilities retained by Old GM. *See* Exhibit C ¶¶ 44-

45; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.,*

*In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010), and 430 B.R. 65 (S.D.N.Y. 2010).[2]

The Bankruptcy Court's Sale Order and Injunction explicitly provides that New GM would have

no responsibility for any liabilities (except for Assumed Liabilities[3]) relating to the operation of

Old GM's business, or the production of vehicles and parts before July 10, 2009. *See* Exhibit C

¶¶ 46, 9 & 8. This limitation includes, in particular, "all Product Liabilities arising in whole or in

part from any accidents, incidents or other occurrences that happen prior to the Closing Date

[July 10, 2009]." Sale Agreement § 2.3(b)(ix). Pursuant to the Sale Order and Injunction and

the Sale Agreement, New GM is also not liable for the other claims and/or causes of action

asserted in the Complaint. The Order also enjoins "[a]ll persons and entities . . . holding claims

against [Old GM] or the Purchased Assets arising under or out of, in connection with, or in any

way relating to [Old GM], the Purchased Assets, the operation of the Purchased Assets prior to

the Closing [July 10, 2009]. . . from asserting [such claims] against [New GM . . ." *See* Exhibit

C ¶ 8. This injunction expressly applies to rights or claims "based on any successor or transferee

liability." *Id.* ¶ 46.

---

[2] New GM's obligations under the Sale Order and Injunction have been the subject of ongoing proceedings in the New York Bankruptcy Court, the U.S. District Court for the Southern District of New York ("New York District Court"), the United States Second Circuit Court of Appeals, and the United States Supreme Court. *See In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016); Judgment entered by the New York Bankruptcy Court, dated June 1, 2015 (Bankr. Dkt. No. 13177) ("June 2015 Judgment"), *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y 2015), and Judgment entered by the New York Bankruptcy Court, dated December 4, 2015 (Bankr. Dkt. No. 13563) ("December 2015 Judgment"). The New York Bankruptcy Court's June 2015 Judgment was affirmed in part, reversed in part, and remanded in part by the Second Circuit. New GM has filed a writ of certiorari to the U.S. Supreme Court with respect to the Second Circuit opinion, which has not been ruled upon. There are ongoing proceedings in the New York Bankruptcy Court related to a series of issues arising from the Second Circuit opinion. *See Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM"),* entered by the New York Bankruptcy Court on December 13, 2016 (Bankr. Dkt. No. 13802). A portion of the New York Bankruptcy Court's December 2015 Judgment is currently on appeal to the New York District Court. It is undisputed that the New York Bankruptcy Court retains jurisdiction to interpret and enforce the Sale Order and Injunction.

[3] New GM admits it ultimately assumed a narrow band of certain liabilities, but such liabilities are not applicable to this Action.

21.    The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to enforce the injunction set forth in the Sale Order and Injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction. *Id.* ¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles. *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co.(In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

22.    Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction. Thus, the determination of this action, which involves the resolution of disputes concerning the Sale Agreement and the Sale Order and Injunction, and the Bankruptcy Code necessarily invokes the jurisdiction of the New York Bankruptcy Court. *See In re Hereford Biofuels, L.P.,* 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) (post-confirmation dispute regarding interpretation and enforcement of a sale transaction approved by the Bankruptcy Court was a core proceeding); *Luan Investment S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229-30 (2d Cir. 2002) (disputes concerning sale transaction approved by the Bankruptcy Court fall within "core" jurisdiction); *In re Eveleth Mines, LLC*, 312 B.R. 634, 644-45 and n.14 (Bankr. D. Minn. 2004) ("A purchaser that relies on the terms of a bankruptcy court's order, and whose title and rights are given life by that order, should have a forum in the issuing court.").

23.     Plaintiff also seeks punitive damages from New GM in connection with those claims.  To the extent Plaintiff asserts that New GM assumed certain Product Liabilities (as defined in the Sale Agreement) in connection with the Vehicle, the New York Bankruptcy Court has previously determined that New GM did *not* assume claims for punitive damages.  *See* December 2015 Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM.  Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law.  Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.").  This portion of the December 2015 Judgment was not appealed, is final, and Plaintiff's request for punitive damages is in direct contravention of the New York Bankruptcy Court's ruling.  The New York Bankruptcy Court has exercised jurisdiction with respect to lawsuits where plaintiffs, like Plaintiff herein, are seeking punitive damages against New GM in violation of the Sale Order and Injunction, and Sale Agreement, and the other rulings of the New York Bankruptcy Court.

24.     Because Plaintiff's claims in this Action are based on a vehicle and parts manufactured by Old GM and a motor vehicle accident predating the closing of the 363 Sale, and Plaintiff seeks punitive damages, the Complaint necessarily requires judicial construction and/or interpretation of the Sale Order and Injunction.  The Complaint, therefore, is subject to the Sale Order and Injunction.

25.     As such, the Action implicates the New York Bankruptcy Court's core, related to and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and Bankruptcy Rule 9027.

10

## BASIS FOR REMOVAL: FEDERAL QUESTION

26.    This Court has original jurisdiction over civil proceedings that include "a claim arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's Complaint includes a claim brought pursuant to the RICO Act, 18 U.S.C. § 1964. Compl. ¶¶ 55-71.  Therefore, this Court has jurisdiction over this Action. *K&F Restaurant Holdings, Ltd. v. Rouse*, 2016 WL 6901375, at *2 (M.D. La. Sept. 22, 2016) ("Here, Defendants removed this suit based on Plaintiffs' alleged violation of RICO, a federal law. Accordingly, because Plaintiffs' Petition clearly asserts a federal claim, the court finds that it has original jurisdiction pursuant to 28 U.S.C. § 1331 and removal was proper under 28 U.S.C. § 1441(a)."); *South Technical Diesel, Inc. v. Volvo Group North American*, LLC, 2011 WL 8300330, at *2 (S.D. Tex. March 3, 2011) ("Because the petition clearly asserts a claim under RICO, the Court finds that, pursuant to 28 U.S.C. § 1331, Plaintiff's suit falls within this Court's original jurisdiction, and removal of this case is proper under 28 U.S.C. § 1441."); *Inge v. Walker*, 2016 WL 4920288, at * 3 (N.D. Tex. Sept. 15, 2016) ("Plaintiff's RICO claim gives this Court original jurisdiction.").

27.    This Action, is therefore, properly removable to this Court because "any civil action brought in a State court of which district courts of the United States have original jurisdiction may be removed"… "to the district court of the United States for the district and division and embracing the place where such action is pending." 28 U.S.C. § 1441(a).[4]

---

[4] This Court has supplemental jurisdiction over Plaintiff's state law claims by virtue of 28 U.S.C. § 1367(a) (noting, that apart from certain exceptions, "in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

## REMOVAL IS TIMELY

28.     This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint. 28 U.S.C. § 1446(b). Plaintiff filed suit on February 3, 2017, and New GM was served with the Summons and Complaint on February 3, 2017. *See* Exhibit D.

## VENUE

29.     The United States District Court for the Southern District of Mississippi, Northern Division, is the United States district and division embracing the Circuit Court of Rankin County, Mississippi, where this action was filed and is pending. *See* 28 U.S.C. § 104(b)(1). Therefore, venue of this removed action is proper in this Court.

## CONSENT

30.     New GM is the only named defendant and the only defendant to be served with process. Consent of "John Does 1-20" is unnecessary because none of these unnamed defendants have been served. *See* 28 U.S.C. § 1446(b). "[S]ervice of process is required to trigger the consent requirement to remove in multiple defendant cases." *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, Civil Action No. 11-1247, 2011 WL 4499589, *4 (W.D. La. September 23, 2011).

## NOTICE TO THE STATE COURT

31.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Circuit Court of Rankin County, Mississippi, where this case was originally filed.

## STATE COURT FILINGS

32.     New GM files herewith as Exhibit D copies of all process served upon it in this Action as a part of this Notice, such being the Summons and Complaint.

WHEREFORE, General Motors LLC respectfully requests that this Action in the Circuit Court of Rankin County, Mississippi, be removed to this Court, and that no further proceedings be had in the Mississippi state court.

RESPECTFULLY SUBMITTED this the 6th day of March, 2017.

GENERAL MOTORS LLC

By Its Attorneys

WATKINS & EAGER PLLC

By:  _____
Walter T. Johnson

OF COUNSEL:

Walter T. Johnson (MSB No. 8712)
Watkins & Eager PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Phone:  (601) 965-1846
Fax: (601) 965-1901
Email: wjohnson@watkinseager.com

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 6, 2017, a copy of the foregoing was served via

U.S. Mail to the following:

**Brent Hazzard**
Hazzard Law, LLC
P.O. Box 24382
Jackson, Mississippi, 39225
Email: brenthazzard@yahoo.com

This the 6th day of March, 2017.

Walter T. Johnson